

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   APR 22 2016

WILLIAM W. BLEVINS
CLERK

16 - 3692

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

### NARISSA DAWN BRADFORD, PRO SE LITIGANT

#### PLAINTIFF

SECT. G MAG. 4

### THE LAW FIRM OF GAUTHIER, HOUGHTALING & WILLIAMS, L.L.P.,

### JAMES M. WILLIAMS, ESQ.

#### DEFENDANTS

NOW COMES Plaintiff Narissa Dawn Bradford ("Bradford"), a Pro Se Litigant, and for her

Complaint against the Defendants, Gauthier, Houghtaling & Williams, LLP and James M.

Williams (collectively "GHW"), hereby states as follows:

TENDERED FOR FILING

APR 22 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## **JURISDICTION AND VENUE**

1.    This is a civil action seeking damages against GHW for:

    (a.) Fraud in the Civil Action No. 2:13-CV-2407 ("No. 13-2407") at the United States

District Court Eastern District of Louisiana ("USDC/EDLA")

    (b.) Perjury in the Civil Action No. 13-2407 at the USDC/EDLA   (c.) Defamation in the

Civil Action No. 13-2407 at the USDC/EDLA

    (d.) Concealing Evidence in the Civil Action No. 13-2407 at the USDC/EDLA

    (e.) Violation and Sabotage of the December 4, 2013 Pre-Trial Notice, the January 22,

2014 Order and the Discovery Phase in the Civil Action No. 13-2407 at the USDC/EDLA



1

2.     The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332 as the parties in this matter are citizens of different states and the matter in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interest and costs.

3.  This Court has personal jurisdiction over GHW, as sufficient minimum contacts with the state of Louisiana exist.

4.     This Court is the appropriate venue and Bradford herein invokes the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1332 to obtain a judgment including the costs of suit, reasonable attorneys' fees, and damages suffered and sustained by Bradford caused by GHW.

## PARTIES

5.     Plaintiff is a citizen of the United States of America and resides in the County of Oktibbeha, State of Mississippi (P.O. Box 423, Starkville, MS 39760).

6.     Defendant is a law firm in the name of Gauthier, Houghtaling & Williams, L.L.P. and Attorney James M. Williams and at the time of this complaint, resides in 3500 N. Hullen, Metairie, Louisiana 70002, Parish of Jefferson, United States of America.

## GENERAL ALLEGATIONS

7.     On April 20, 2016 (07:22), Attorney Marco Chiari ("Chiari"), forwarded to Bradford, a Certified Email (Per conto di: avvmarcochiari@puntopec.it" posta-certificata@pec.aruba.it) entitled: POSTA CERTIFICATA: I: pec avv. Marco Chiari to attach Bradford Civil Complaint 20.04.2016

8.     Chiari also forwarded this documentary evidence, by Certified Email (PEC) to: Valeria Barizza ("Barizza"), Attorney Carlotta Barbetti ("Barbetti") and Alessandro Dell'Orto ("Dell'Orto").

2

9.     In Chiari's April 20, 2016 Certified Email, to Bradford, he declares: "The undersigned, Attorney Marco Chiari, from the Court of Bergamo, Italy, with the law firm in via. S. Alessandro 166, as the Domiciliary of Gauthier, Houghtaling and Williams L.L.P. and James M. Williams ("GHW"), in Italy, pursuant to the Procura alle Liti (Power of Attorney/POA) with a Civil Mandate, representing Narissa Dawn Bradford ("Bradford"), valid from May 4, 2012 until November 2, 2012, and with a Criminal Mandate, representing Bradford, valid from May 4, 2012 until April 22, 2013, declares:

"(a.) To have filed in Italy, on behalf of Bradford, at the Court of Brescia, Italy, Bradford's July 28/30, 2012 Reply to Franco Colosio's ("Colosio") July 9, 2012 Statement of Defense with attachments ("Bradford's 2012 Reply to Colosio with attachments"), in the Bradford vs. Colosio Civil Case No. RG 11672/03. Bradford's 2012 Reply to Colosio with attachments was filed by Bradford's attoneys, James M. Williams, partner of GHW and the undersigned, on July 28/30, 2012...

(b.) To have forwarded to GHW, on August 28, 2013, by Certified Email, in English, the Italian document Istanza di Riapertura Istruttoria Civile Elenco Documenti ("Italian Document List")...

10.     Professor/Attorney Luigi Fumagalli's ("Fumagalli') March 30, 2014 Legal Report ("Legal Report") and his June 27, 2014 Sworn Affidavit ("Sworn Affidavit"), regarding Bradford's civil and criminal legal proceedings in Italy, DO NOT correspond to the legal documents filed personally and DE FACTO by the undersigned, as GHW domiciliary.

11.     On February 23, 2016 I requested the law firm of Deutsch and Kerrigan, attorneys representing GHW, and  Fumagalli,  to correct the Legal Report and the Sworn Affidavit. The reenactment of Fumagalli's Legal Report and his Sworn Affidavit, regarding Bradford's civil and

criminal legal proceedings in Italy, reports my alleged declarations, never approved by me. I, Attorney Marco Chiari, confirm, in full, the reenactment of the judicial documents filed in Italy, by me, as declared by Narissa Dawn Bradford in this April 20, 2016 Complaint. Avv. Marco Chiari"

12.    Bradford's 5 causes of action, (a.) Fraud, (b) Perjury, (c.) Defamation, (d.) Concealing Evidence and (e.) Violation and Sabotage of the December 4, 2013 Pre-Trial Notice, the January 22, 2014 Order and the Discovery Phase, contained in this April 20, 2016 Complaint could not be included in Bradford's December 13, 2013 Second Amended Complaint, filed in the Civil Action No. 13-2407 at the USDC/EDLA, because:

(a.)  The 5 causes of action contained in this April 20, 2016 Complaint are based on sworn affidavits and evidences that Bradford obtained from April 28, 2015;

(b.)  The 5 causes of action contained in this April 20, 2016 Complaint refer to written declarations, by GHW, on June 2, 2015 in the Civil Action No.13-2407 at the USDC/EDLA:

(c.)  The 5 causes of action contained in this Complaint does not refer to GHW 2012 legal malpractice;

(d.)  The 5 causes of action contained in this Complaint refer to GHW sabotoge in the Civil Action No. 13-2407 at the USDC/EDLA;

(e.)  The 5 causes of action contained in this Complaint does not refer to the damages caused by GHW, in 2012, in the Bradford vs. Colosio Italian Civil Case in Italy;

(f.)  The 5 causes of action contained in this Complaint refer to the damages caused by GHW in the Civil Action No. 13-2407 at the USDC/EDLA.

13.    On December 3, 2013, in the Civil Action No. 13-2407, the USDC/EDLA declared:

4

(a.) "...Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction...The elements of fraud include: "1) a misstatement or omission; 2) of material fact; 3) made with the intent to defraud; 4) on which the plaintiff relied; and 5) which proximately caused the plaintiff's injury..."

(b.) "...Perjury in a civil action, is defined as the "intentional making of a false written or oral argument in or for use in a judicial proceeding, any proceeding before a board or official. . .under a sanction of oath or an equivalent affirmation and must relate to matter material to the issue or question in controversy." La. Rev. Stat.§ 14:123..."

14.    On December 3, 2013, in the Civil Action No. 13-2407, in reference to Bradford's November 1, 2013 Motion for Leave to file a Second Amended Complaint, the USDC/EDLA declared:

(a.) "...Bradford filed an amended complaint on July 29, 2013, which allege largely the same allegations as the initial complaint, but includes a 76 page attachment of exhibits, as well as more specific factual allegations in each of the numbered paragraphs...For example, Bradford added nearly six pages of references to bate-stamped email documents that she attached to her motion in disc format, which were not included in such detail in her first two pleadings with the Court regarding Defendants' alleged failure to officially provide her with information of the pending criminal and civil legal proceedings in Italy...Here, Bradford's initial and first amended complaint allege breach of contract, violations of Louisiana's rules on professional conduct, amongst allegations of gross negligence and that the GHW Defendants breached the fiduciary duties they owed to Bradford in providing her legal reputation..."

5

15.     On December 13, 2013, Bradford filed a Second Amended Complaint, in the Civil Action

No. 13-2407 at the USDC/EDLA, for violations of the Louisiana Rules of Professional Conduct

arising to breach of contract and fiduciary duties, concealing of documents, non-fulfillment on

behalf of the GHW Defendants, refusal to file an important opposition document and scrambling

of documents.

16.     In Bradford's December 13, 2013 Prayer for Relief, in the Civil Action No. 13-2407 at

the USDC/EDLA, she declared: "Wherefore, Plaintiff…requests that after due proceedings are

had, there be judgment in favor of Bradford…granting damages in the amount of $30,000,000.00

(30 million U.S. dollars)…Bradford…will aslo seek punitive damages, attorney's fees, costs and

all other general and equitable relief, with legal interest…Bradford…intends to quantify other

serious damages and losses occured due to the action and inconclusiveness of the GHW

Defendants that have been made against her image and her professionalism

worldwide…NARISSA BRADFORD REQUESTS TRIAL BY JURY…"

17.     On July 3, 2014, in the Civil Action No. 13-2407,  GHW filed a Motion for Summary

Judgment ("MSJ") requesting the USDC/EDLA to "summarily dismiss with prejudice the

Claims in their entirety" asserted by Bradford in her April 22, 2013 Original Complaint, in her

July 24, 2013 First Amended Complaint and in her December 13, 2013 Second Amended

Complaint.

18.     On July 3, 2014, in the Civil Action No. 13-2407 at the USDC/EDLA, in GHW

Procedural Background they declared:  "On April 22, 2013, Bradford initiated the instant

proceeding by filing a Complaint wherein she alleged that GHW failed to adequately supervise

and direct Chiari in connection with Bradford's civil proceedings in Italy, resulting in the filing

of insufficient documents in July 2012.  She further alleged that GHW failed to timely file an

6

appeal of the September 2012 Verdict...Bradford filed a Second Amended Complaint on December 13, 2013.  In the Second Amended Complaint, Bradford also added the allegation that GHW failed to advise Bradford of potential settlement opportunities...Finally, Bradford alleged that GHW's actions somehow caused damage to her public image and caused her to lose the opportunity to publish her proposed book, "Narissa Says Nope."...Bradford also filed a First Amended Complaint on July 24, 2013.  The Second Amended Complaint superseded the First Amended Complaint. Bradford's Second Amended Complaint is 32 pages long and consists of 121 paragraphs, plus a Final Conclusion and Prayer for Relief Section..."

19.     On September 8, 2014, in the Civil Action No. 13-2407, the USDC/EDLA granted GHW Motion for Summary Judgment and Bradford's Claims were dismissed with prejudice.

20.     In the USDC/EDLA September 8, 2014 Order, in the Civil Action No. 13-2407, it declared: "This is a civil action for legal malpractice under Louisiana law...Plaintiff retained Defendants to represent her in an ongoing legal proceeding in Italy. Plaintiff alleges that Defendants were negligent in their representation of her, resulting in the loss of her claim and a judgment against her for litigation costs and compensatory damages for abuse of process. Plaintiff's allegations of negligence arise out of a civil action brought by Plaintiff against her former companion in an Italian court in July of 2003...this Court has attempted to distill her claims into five chief complaints and will address each in turn...

A)  Chief Complaint # 1: Failure to File Certain Documents

B) Chief Complaint # 2: Failure to Inform Plaintiff of Settlement Opportunity

C)  Chief Complaint # 3: Failure to Appeal

D)  Chief Complaint # 4: Failure to Communicate

E)  Chief Complaint # 5: Failure to Reinstate Media Image…"

21.     Bradford's Claims in her Second Amended Complaint, in the Civil Action No. 13-2407, approved by the USDC/EDLA on December 3, 2013 were precisely and exclusively "concealing of documents, non-fulfillment on behalf of the Defendants, refusal to file an important opposition document [and]scrambling of documents".

22.     On May 15 2015, Bradford moved the USDC/EDLA, in the Civil Action No. 13-2407, for relief under FRCP 60(b)(2)(3) and (6) ("Motion for Relief from Final Judgment") on the basis of newly discovered evidence, fraud, concealed evidence, misrepresentation and misconduct by GHW and their attorneys, DK.

23.     The USDC/EDLA entered a final judgment that disposed of all parties' claims on July 16, 2015.

24.     On February 22, 2016 (17:50), Attorney Marco Chiari ("Chiari"), forwarded to Bradford, a Certified Email (Per conto di: avvmarcochiari@puntopec.it" posta-certificata@pec.aruba.it) entitled: "POSTA CERTIFICATA: Narissa Bradford v. The Law Firm of Gauthier, Houghtaling, et al  ("Bradford vs. GHW Case")/ Urgent request for the SUSPENSION and the immediate RETIFICATION of Professor/Attorney Luigi Fumagalli's March 30, 2014 Legal Opinion and his June 27, 2014 Sworn Affidavit in the United States District Court Eastern District of Louisiana..."

25.     Chiari also forwarded this documentary evidence, by Certified Email (PEC) to: Attorney Beverly DeLaune ("DeLaune"), Attorney Melissa Lessell, Attorney William Wright, Attorney James. M. Williams ("Williams"), Attorney Earl G. Perry, Professor/Attorney Luigi Fumagalli ("Fumagalli"), Valeria Barizza ("Barizza"), Alessandro Dell'Orto ("Dell'Orto"), Attorney Carlotta Barbetti ("Barbetti") and Professor/Attorney Carlo Rimini.

26.     From the facts and the evidence contained and cited in Chiari's February 22, 2016 Certified Email, there is evidence that on February 20, 2014, DeLaune, of the law firm Deutsch Kerrigan L.L.P. ("DK"), attorney representing in the name and on behalf of GHW, declares to have appointed Chiari to reconstruct the Bradford vs. Colosio Italian civil case ("Italian Civil Case").

27.     Delaune entrusted to Chiari the task of producing and analyzing the documents regarding the Italian Civil Case for his colleague, Fumagalli.

28.     Chiari, in his February 22, 2016 Certified Email, denies and contests the reconstruction of the Italian Civil Case and the role of Williams as presented by Fumagalli in his March 30, 2014 Legal Opinion ("Legal Opinion") and in his June 27, 2014 Sworn Affidavit ("Sworn Affidavit").

29.     Chiari requested that the law firm of Deutsch Kerrigan:

(a.) withdraw Fumagalli's Legal Opinion and his Sworn Affidavit from the USDC/EDLA…and to modify it according to the indications approved by him; or, alternatively, eliminate all references to him and to the activity of production and analysis of documents carried out by him, which do not correspond to what Fumagalli declared in his Legal Opinion and in his Sworn Affidavit.

30.     On March 3, 2016, DeLaune, an attorney from the law firm of DK, forwarded to Chiari, an email, declaring: "…Finally, your arguments regarding the alleged deficiencies and errors in Professor Fumagalli's opinion merely constitute a difference of opinion as to the relevance of certain documents contained in the record and the effect such documents would have had on the underlyng litigation…".

31.     On March 10, 2016, Chiari, forwarded to DeLaune, a certified email, declaring:

(a.)     "...On the grounds that Attorney Fumagalli, swearing to tell the truth on his description of the Bradford vs Colosio Italian Civil Case from the beginning, in 2003, until Judge Magnoli's September 13, 2012 ruling, whereas Bradford's July 28/30, 2012 Reply to Colosio's July 9, 2012 Statement of Defense filed by Williams and the undersigned on behalf of Bradford, there is no evidence that Bradford's Reply to Colosio is mentioned or analyzed in Fumagalli's Legal Report or his Sworn Affidavit.

(b.)     Therefore, Fumagalli "has apparently picked pages" from the Bradford vs. Colosio original civil case file "that he deems beneficial", without noting to the Court that pages have been eliminated from his exerpts.  It is more serious when you consider that Bradford's Reply to Colosio's Statement of Defense was produced by me, the undersigned, to Fumagalli on February 27, 2014 and Fumagalli confirmed to me, the undersigned, on February 28, 2014, that he was in possession of Bradford's Reply to Colosio Statement of Defense.

(c.)     On August 22, 2013 GHW produced, to Bradford, in their production of Bates Labeled Documents, Bradford's Reply to Colosio, recognizing the existence and accepting all the content.

(d.)     On July 3, 2014, a year later, GHW, with their attorneys (Deutsch Kerrigan), filed the Opinion of an expert who has sworn that Bradford's Reply to Colosio does not exist in the Bradford vs. Colosio Italian Civil Case file, nor exists Williams legal activity in the Italian Civil Case relative to Bradford's Relpy to Colosio.

(e.)     At this point, it should be noted that evidence is false or true, or exists or does not exist. Given that the undersigned wrote and filed Bradford's Reply to Colosio, as GHW co-counsel and on behalf of Bradford, in the Italian Civil Case, and Williams has acknowledged and produced Bradford's Reply on August 22, 2013 (in GHW production of Bates Labeled

Documents in the Civil Action No. 13-2407 at the USDC/EDLA), either the undersigned and Williams have invented and falsified a legal document that does not exist or Fumagalli, GHW and DK "have apparently picked pages that they deem beneficial, without noting to the Court that pages have been eliminated" from the original Italian Cicil Case file...

     (f.)    Given that I filed as domiciliary of Williams Bradford's Reply to Colosio not only at the Court of Brescia, Italy, in the Italian Civil Case, but also at the Procura di Brescia to the attention of the Criminal Prosecutor Dr Paul Savio, I contest and totally dissociate myself from the reconstruction of the Italian Civil Case as reconstructed by Fumagalli in his Legal Opinion and in the June 27, 2014 Sworn Affidavit filed by GHW on July 3, 2014 in their MSJ at the USDC/EDLA...

     (g.)    I believe that it is very serious that DK and GHW continue to use my name and my professionalism, in addition to my presumed declarations never approved, certified nor authorized by me, in false interpretations of the legal documents filed by me and Williams in civil and criminal proceedings at the Court in Brescia, Italy..."

32.    On April 13, 2012, Bradford and GHW signed the State of Louisiana/Parish of Jefferson Contract ("Louisiana Contract").

33.    On May 4, 2012, Williams, partner of GHW, Chiari and Bradford executed an Italian Procura Alle Liti/Power of Attorney ("POA") authorizing Williams (in order to formally appear as counsel for Bradford and to legally represent her in reference to all of her criminal and civil proceedings in Italy) and GHW to act on Bradford's behalf in Italy.

34.    GHW re-engaged Chiari, one of Bradford's former attorneys, to serve as their Italian co-counsel. Chiari who was earlier dismissed by Bradford, was re-engaged pursuant to Clause # 3 of the Louisiana Contract which states that "...In addition to furnishing legal services, Attorney

agrees to advance all expenses necessary to prosecute my claim..." and  Clause # 4 "…Attorney, in his sole discretion, has the right to retain the services of any consultants….and others whose services Attorney deems necessary to prosecute my claim, and that the cost thereof shall be reimbursed as costs to Attorney by me out of any funds received on my claim…".

35.     GHW provided to Bradford legal services pertaining to her Claims against Franco Colosio ("Colosio").

36.     On November 2, 2012, Chiari revoked the POA executed between himself, Williams and Bradford.

37.     On November 2, 2012, Bradford filed a Complaint to the Bar Association in Italy and to the Court of Appeals in Brescia, Italy with an explanation of GHW and Chiari's refusal to file Bradford's appeal in the Italian Civil Case.

38.     On November 3, 2012, Chiari filed an Opposition to Bradford's Complaint to the Bar Association in Italy and to the Court of Appeals in Brescia, Italy

39.     From November 2, 2012, until February 17, 2014 (when Bradford revoked the Louisiana Contract) GHW are Bradford's only attorneys for the Italian Civil Case.

40.     GHW are Bradford's only attorneys for Bradford's Italian criminal proceedings from April 22, 2013 when Chiari revoked the criminal mandate in Italy until February 17, 2014 (when Bradford revoked the Louisiana Contract).

41.     From April 13, 2012 to February 17, 2014, GHW was the only law firm providing to Bradford legal services pertaining to all of her Claims,  against Colosio.

42.     The Louisiana Contract is valid from April 13, 2012 until February 17, 2014.

43.    From April 13, 2012 until February 17, 2014 there exists only the Louisiana Contract valid in the State of Louisiana and regulated by the 11 clauses written and signed by GHW and Bradford.

44.    GHW had an obligation to comply with the 11 Clauses or had an obligation to revoke the Louisiana Contract if they were not willing to continue as Bradford's attorneys.

45.    On April 28, 2015, Valeria Barizza ("Barizza"), a journalist and Bradford's business partner and communication manager who provides strategic analysis and optimization of the documentation relating to Bradford's legal proceedings in Italy, produced a sworn affidavit, to Bradford, authenticated by the American Consulate in Milan, Italy.

46.    Barizza contacted Chiari, former co-counsel of GHW and former attorney of Bradford, and discovered that he was in possession of documentaty evidence pertaining to the Bradford vs. GHW Case (Civil Action No. 13-2407 at the USDC/EDLA) and the Bradford vs. Colosio Italian litigation.

47.    On April 28, 2015, Bradford obtained Chiari and Barizza's sworn affidavits, authenticated by the American Consulate in Milan, Italy.

48.    This information was not available to Bradford earlier as she could not directly contact Chiari and obtain this information in view of the fact that:

(a.) Bradford had not entered into any agreement with Chiari; Chiari was re-engaged by GHW;

(b.) Bradford had earlier dismissed Chiari as her legal counsel;

(c.) in view of Bradford's Agreement with Williams, as there was no communication from Williams, Bradford presumed that he and GHW were taking care of Bradford's interest in the case.

49.     On April 28, 2015, Barizza forwarded to Bradford, by U.S. Mail and email, from Italy, the sworn affidavit consequent to the investigative journalism report that she conducted, from December 22, 2014, regarding evidence GHW had in their possession and had concealed from the Civil Action No. 13-2407 at the USDC/EDLA.

50.     Barizza's April 28, 2015 sworn affidavit, authenticated by the American Consulate in Milan, Italy, contains also evidences distinguished precisely in a total of 9 evidences.

51.     Attorney Chiari's April 28, 2015 sworn affidavit, authenticated by the American Consulate in Milan, Italy, contains also evidences distinguished precisely in a total of 10 evidences,.

## COUNT 1

## The Italian document Istanza di Riapertura Istruttoria Civile Elenco Documenti ("Italian Document List")

52.     Chief Complaint #1: GHW Violation of the January 22, 2014 Order by failing to produce to Bradford the Italian Document List (in the Civil Action No. 13-2407 at the USDC/EDLA):

53.     Chief Complaint #2:  GHW Violation and Sabotage of the December 4, 2013 Pre-Trial Notice and the Discovery Phase by failing to produce to Bradford the Italian Document List (in the Civil Action No. 13-2407 at the USDC/EDLA):

54.     Chief Complaint # 3: GHW Defamatory allegations against Bradford regarding the Italian Document List (in the Civil Action No. 13-2407 at the USDC/EDLA):

55.     Chief Complaint # 4: GHW Perjury regarding the Italian Document List (in the Civil Action No. 13-2407 at the USDC/EDLA):

56.     On July 03, 2014 the original version of the Italian Document List was produced in the Civil Action No. 13-2407 at the USDC/EDLA by GHW attached to their MSJ.

57.     Bradford received the original version of the Italian Document List, by U.S. mail, for the first time, on July 07, 2014.

58.     On May 10, 2012, the original version of the Italian Document List was filed on behalf of Bradford, by Williams and Chiari (they both signed this document), in the Italian Civil Case attached to the Request of Reopening Civil Investigation Due to the Acquisition of New Documents and New Investigation Requests ("Request to Reopen").

59.     On August 28, 2013, Chiari produced, by email, to Williams and GHW, the original copy of the Italian Document List attached to the May 10, 2012 Request to Reopen (in the Italian Civil Case).

60.     On April 28, 2015, Bradford obtained Chiari and Barizza's sworn affidavits, authenticated by the American Consulate in Milan, Italy, demonstrating that Chiari produced, by email, to Williams, partner of GHW, on August 28, 2013, the original copy of the Italian Document List.

61.     On February 27, 2014, Chiari forwarded to Fumagalli, the August 28, 2013 email in which Chiari forwarded to Williams, partner of GHW, the original copy of the Italian Document List attached to the May 10, 2012 Request to Reopen (in the Italian Civil Case).

62.     On April 28, 2015, Bradford obtained Chiari and Barizza's sworn affidavits, authenticated by the American Consulate in Milan, Italy, demonstrating that Chiari forwarded to Fumagalli, the August 28, 2013 email in which Chiari forwarded to Williams, partner of GHW, the original copy of the Italian Document List.

63.     On April 30, 2015, Attorney Carlotta Barbetti Nervini ("Barbetti") produced a sworn affidavit, authenticated by the American Consulate in Florence, Italy, to Bradford, where she explains how Fumagalli's March 30, 2014, 12 page Legal Report and his June 27, 2014, 4 page

Sworn Affidavit, where he declared under penalty of perjury in the Civil Action No. 13-2407 at the USDC/EDLA, are cleary biased and full of ommissions upon crucial issues and the severity of Fumagalli's false intepretation of evidence in the Bradford vs. Colosio Italian Civil Case.

64.    In Barbetti's April 30, 2015 Sworn Affidavit, authenticated by the American Consulate in Florence, Italy, she declares:

(a.)    "...I was appointed by Bradford to provide a legal opinion regarding the following: assessment of the omissions of facts, acts and codes of law in the March 30, 3014 Legal Opinion (omissis) and in the June 27, 2014 Affidavit (omissis) of (omissis) Fumagalli (omissis), the Legal Expert of GHW...

(b.)    ...Whether or not a legal expert could have given an opinion on the Italian Civil Trial or whether a legal expert would be able to agree or  disagree with Fumagalli's Legal Opinion or his Affidavit without having the Italian Elenco Documenti ("Italian Document List"), attached to Williams & Chiari's Istanza di Riapertura Istruttoria Civile per Acquisizione dei Nuovi Documenti e di Nuove Richieste Istruttorie / Request of Reopening Civil Investigation Due to the Acquisition of New Documents and New Investigation Requests ("Request to Reopen") filed on May 10, 2012 at the Court of Brescia, Italy and the documents attached to Bradford's July 28/30, 2012 Reply to Colosio's July 9, 2012 Statement of Defense that is, the witness testimonies collected by Professor/Attorney Carlo Taormina ("Taormina") in 2007 ("Bradford/Taormina 2007 Criminal Complaint") to demonstrate the false testimony of the 12 witnesses of the Civil Case.

(c.)    I shall immediately reply to that final question. The Italian Document List is very important because it shows which documents were attached to the May 10, 2012 Request to Reopen the evidentiary phase of the Civil Case. The documents attached to the Request to

Reopen (in addition to Sala's 2007 testimony) would have permitted Magnoli to better understand the unreliability of the 12 witnesses that testified in the Civil Case, who falsely testified upon the kind of relationship that Bradford & Colosio had..."

65.     Barbetti confirms in her April 30, 2015 sworn affidavit that Bradford has had, in her possession, the Italian Document List only on July 7, 2014 (the English version translated by GHW was produced to Bradford on May 12, 2014) and Bradford's deadline for the use of a legal expert was on June 6, 2014.  Bradford did not have the opportunity to verify the correspondence with the original.

66.     On July 3, 2013, pursuant to the Federal Rules of Civil Procedure 26, Bradford requested, from GHW, the complete set of documents pertaining to her that were sent from Italy to them.

67.     In Specific Request number 17 and 18, Bradford requested all documents reflecting or relating to communications between the parties to the Italian litigation, all pleadings, memoranda or other documents submitted to any court in connection with the Italian litigation proceedings.

**CHIEF COMPLAINT #1**

GHW Violation of the January 22, 2014 Order by failing to produce  to Bradford the Italian

Document List (in the Civil Action No. 13-2407 at the  USDC/EDLA):

68.     In GHW June 2, 2015 Opposition to Bradford's May 15, 2015 Motion for Relief from Final Judgment they declared: "...In essence, Bradford claims that GHW and DKS concealed documents (emails and pleadings) from the underlying litigation that Bradford requested during the discovery process. As undersigned counsel has repeatedly explained to Bradford and this Court, GHW produced all requested documents in their possession, custody and control. Simply because a pleading was filed in the Colosio litigation during GHW's involvement does not mean that such a document was in GHW's possession at the time Bradford filed her lawsuit...".

69.    On January 2, 2014, Bradford filed a Plaintiff's Motion to Compel for Production of

Documents ("Motion to Compel") declaring: "Bradford, being deprived of the ability to get a

hold of the required documents, in the dual role as both client of GHW and as a PRO SE litigant

against GHW, declares the inability to proceed under these conditions to assert her rights, as an

American citizen and PRO SE litigant in the USDC/EDLA as well as in the pending legal

proceedings in Italy. If GHW are in possession of the documents, which already should have

been delivered and submitted to Bradford, the client, in real time, in 2012, with respect to their

production, they are still unduly retaining them to this day and impeding Bradford from having a

proper protection of her constitutional rights both in America and in Italy."

70.    On January 14, 2014 GHW filed an Opposition describing Bradford's January 2, 2014

Motion to Compel for as MERITLESS. GHW declared: "The GHW Defendants concede that a

discussion with Bradford may have been a useless gesture, as undersigned counsel has repeatedly

stated in two status conferences with Judge Milazzo that the Defendants have - produced

everything in their control and possession regarding the underlying litigation to Bradford. The

GHW Defendants believe oral argument would be beneficial to the Court and all parties.

Bradford is still under the DELUSION that the GHW Defendants are somehow hiding

documents."

71.    On January 22, 2014 (Oral Argument requested by GHW), DeLaune, attorney

representing GHW, declared, under oath, that GHW had produced everything in their control and

possession.

72.    On January 22, 2014, the USDC/EDLA granted Bradford's request to compel GHW to

supplement each of its responses to her Request for Production of Documents, where she

propounded a specific document request.

73.    On July 17, 2014, Bradford filed a Notification of Delay with respect to the missing

Italian Document List, produced by GHW on July 7, 2014, a month after Bradford's June 6,

2014 deadline to obtain a Legal Expert.

74.    In this July 17, 2014 Notification, Bradford declared: "DKS produced the original Italian

document, Elenco Documenti to Bradford on July 7, 2014, attached to GHW MSJ (the English

translated version was produced to Bradford on May 12, 2014)."

75.    GHW, despite Bradford's formal request on May 19, 2014 and on May 27, 2014 to

produce the original Italian version of said document, did not produce it to Bradford until July 7,

2014 (attached to Defendants' July 3, 2014 MSJ).

76.    DeLaune confirmed in the email sent to Bradford on May 27, 2014, that GHW "have

obtained these documents independently in preparation for the trial of this matter."

77.    On July 17, 2014, in Bradford's Notification of Delay with respect to the missing Italian

Document List, she declared that: "said document is strategic for the "case within a case" as well

as Bradford's Damage Computation, representing the irrefutable evidence (this document is also

relevant for the demonstration of Bradford's thesis that GHW  concealed documents from her)"

78.    On July 17, 2014, Bradford confirmed that GHW and their attorneys, have misled

Bradford and the Court, having declared, UNDER OATH, to have produced all documents

regarding the Bradford vs. Colosio litigation in their possession and control.

79.    On April 28, 2015, Bradford obtained Chiari and Barizza's sworn affidavits,

authenticated by the American Consulate in Milan, Italy, demonstrating that Chiari produced, by

email, to Williams, partner of GHW, on August 28, 2013, the original  copy of the Italian

Document List.

## CHIEF COMPLAINT #2

19

GHW Violation and Sabatoge of the December 4, 2013 Pre-Trial Notice and the Discovery

Phase by failing to produce to Bradford the Italian Document List (in the Civil Action No. 13-

2407 at the  USDC/EDLA):

80.     In GHW June 2, 2015 Opposition to Bradford's May 15, 2015 Motion for Relief from

Final Judgment they declared: "...In essence, Bradford claims that GHW and DKS concealed

documents (emails and pleadings) from the underlying litigation that Bradford requested during

the discovery process. As undersigned counsel has repeatedly explained to Bradford and this

Court, GHW produced all requested documents in their possession, custody and control. Simply

because a pleading was filed in the Colosio litigation during GHW's involvement does not mean

that such a document was in GHW's possession at the time Bradford filed her lawsuit...".

81.     On May 19, 2014 and on May 27, 2014 Bradford requested GHW to produce the

ORIGINAL copy of the Italian Document List.

82.     GHW refused to cooperate with Bradford in the Pre Trial phase for the exchange of

copies of documents that would be offered in evidence at the TRIAL BY JURY SCHEDULED

FOR SEPTEMBER 22, 2014.

83.     The  December 4, 2013 Pre-Trial Order was valid until July 17, 2014.

84.     On July 17, 2014, DeLaune, attorney representing GHW, without submitting in writing a

valid and justified Motion, requested and extraordinarily obtained  a modication to the Court's

December 4, 2013 Pre-Trial Order.

85.     GHW produced the original copy of the Italian Document List to Bradford on July 7,

2014, by U.S. Mail, (in their July 3, 2014 MSJ requesting the USDC/EDLA to summarily

dismiss Bradford's Claims in their entirety, with prejudice), a month after Bradford's June 6,

2014 deadline to obtain a Legal Expert.

86.   On April 28, 2015, Bradford obtained Chiari and Barizza's sworn affidavits, authenticated by the American Consulate in Milan, Italy, demonstrating that Chiari produced, by email, to Williams, partner of GHW, on August 28, 2013, the original copy of the Italian Document List.

## CHIEF COMPLAINT #3

GHW Defamatory allegations against Bradford regarding the Italian Document List (in the Civil Action No. 13-2407 at the USDC/EDLA):

87.   In GHW June 2, 2015 Opposition to Bradford's Relief from Final Judgment they intentionally declared: "...In essence, Bradford claims that GHW and DKS concealed documents (emails and pleadings) from the underlying litigation that Bradford requested during the discovery process. As undersigned counsel has repeatedly explained to Bradford and this Court, GHW produced all requested documents in their possession, custody and control. Simply because a pleading was filed in the Colosio litigation during GHW's involvement does not mean that such a document was in GHW's possession at the time Bradford filed her lawsuit...".

88.   On June 2, 2015 in GHW's Opposition to Bradford's Motion for Relief, they intentionally declared that: "...In sum, Bradford has submitted absolutely no evidence to support her defamatory allegations, much less with clear and convincing evidence...Bradford bases her Motion on three sections of Rule 60(b): 2 (newly discovered evidence), 3 (fraud) and 6 (any other reason that justifies relief). Bradford claims her Motion is warranted "on the basis of newly discovered evidence, fraud, concealed evidence, misrepresentation & and misconduct" by GHW and its counsel. Bradford has previously made the same type of unsupported and unwarranted defamatory statements against GHW and its counsel. Last summer, this Court warned Bradford about making any further defamatory statements of this nature. GHW intends to seek sanctions

in a separate Rule 11 Motion due to Bradford's continued attempts to defame GHW and its counsel..."

89.    In GHW January 14, 2014 Opposition to Bradford's Motion to Compel for production of Documents, they declared: "...The GHW Defendants concede that a discussion with Bradford, as required by Rule 37(a)(1), may have been a useless gesture, as undersigned counsel has repeatedly stated in two status conferences with Judge Milazzo that the GHW Defendants have produced all documents in their possession and control regarding the underlying litigation to Bradford. Nonetheless, Bradford is still UNDER THE DELUSION that the GHW Defendants are somehow hiding documents..."

90.    On April 28, 2015, Bradford obtained Chiari and Barizza's sworn affidavits, authenticated by the American Consulate in Milan, Italy, demonstrating that Chiari produced, by email, to Williams, partner of GHW, on August 28, 2013, the original copy of the Italian Document List.

## **CHIEF COMPLAINT #4**

GHW Perjury regarding the Italian Document List (in the Civil Action No. 13-2407 at the

USDC/EDLA):

91.    On June 2, 2015 in GHW's Opposition to Bradford's Motion for Relief, they intentionally declared that: "...In sum, Bradford has submitted absolutely no evidence to support her defamatory allegations, much less with clear and convincing evidence...Bradford bases her Motion on three sections of Rule 60(b): 2 (newly discovered evidence), 3 (fraud) and 6 (any other reason that justifies relief). Bradford claims her Motion is warranted "on the basis of newly discovered evidence, fraud, concealed evidence, misrepresentation & and misconduct" by GHW and its counsel. Bradford has previously made the same type of unsupported and unwarranted

defamatory statements against GHW and its counsel. Last summer, this Court warned Bradford about making any further defamatory statements of this nature. GHW intends to seek sanctions in a separate Rule 11 Motion due to Bradford's continued attempts to defame GHW and its counsel…"

92.     This declaration was used, in writing, in a judicial proceeding, in the Civil Action No. 13-2407 at the USDC/EDLA.

93.     Williams, partner of GHW was in actual and effective possession of the Italian Document List since he received it from Chiari, by certified email, on August 28, 2013.

94.     In GHW January 14, 2014 Opposition to Bradford's January 2, 2014 Motion to Compel, they intentionally requested an Oral Argument declaring that they did not have in their control or possession the Italian Document List.  This declaration was used, in writing, in a judicial proceeding at the USDC/EDLA.

95.     They also declared, on May 27, 2014, that they "have obtained these documents independently in preparation for the trial of this matter."

96.     GHW have never produced, in the Civil Action No. 13-2407 at the  USDC/EDLA, documentary evidence that proves how, when and from whom they "have obtained these documents independently in preparation for the trial of this matter."

97.     On April 28, 2015, Bradford obtained Chiari and Barizza's sworn affidavits, authenticated by the American Consulate in Milan, Italy, demonstrating that Chiari produced, by email, to Williams, partner of GHW, on August 28, 2013, the original  copy of the Italian Document List.

**COUNT 2**

**Bradford's July 28/30, 2012 Reply to Colosio's July 9, 2012 Statement of Defense**

**("Bradford's 2012 Reply to Colosio")  with a list of attached documents consisting of**

**Sworn Italian Affidavits of New Witnesses pursuant to art.391 bis Code of Criminal**

**Procedure and 391 ter C.P.P.:  Attachments number 13,14,15,16.17,18,19 and 20 ("Italian**

**Affidavits of New Witnesses") and Bradford's July 6, 2012 Perjury Complaint against**

**Colosio ("Bradford vs. Colosio Perjury Complaint")**

98.     Chief Complaint #1: GHW Violation of the Discovery Phase by failing to produce the Italian Affidavits of New Witnesses (in the Civil Action No. 13-2407 at the  USDC/EDLA):

99.     Chief Complaint #2: GHW Concealment of Bradford's 2012  Reply to Colosio with a list of attached documents consisting of Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury Complaint (in the Civil Action No. 13-2407 at the  USDC/EDLA):

100.    Chief Complaint #3: GHW Sabotage of the Pre-Trial Phase and Violation of the December 4, 2013 Pre-Trial Notice regarding Bradford's 2012  Reply to Colosio with a list of attached documents consisting of Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury Complaint (in the Civil Action No. 13-2407 at the  USDC/EDLA):

101.    Chief Complaint #4:   GHW Defamatory Allegations against Bradford,   regarding Bradford's 2012   Reply to Colosio with a list of attached documents consisting of Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury Complaint (in the Civil Action No. 13-2407 at the  USDC/EDLA)

102.    Chief Complaint #5 - GHW Perjury regarding Bradford's 2012  Reply to Colosio with a list of attached documents consisting of Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury Complaint (in the Civil Action No. 13-2407 at the  USDC/EDLA):

103.   In the Italian Civil Case, the last legal document produced and filed by Williams, partner of GHW and Chiari is Bradford's 2012 Reply to Colosio with a list of attached documents consisting of Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury Complaint.

104.   On July 28/30, 2012, Chiari forwarded, by Certified Email, to Williams, partner of GHW, a copy of the filing of Bradford's 2012 Reply to Colosio with a list of attached documents consisting of Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury Complaint.

105.   On July 28, 2012, Chiari forwarded, by email, to Italian Judge Giuseppe Magnoli, a copy of the filing of Bradford's 2012 Reply to Colosio with a list of attached documents consisting of Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury Complaint.

106.   On July 28, 2012, Chiari forwarded, by email, to P.M. Paolo Savio, a copy of the filing of Bradford's 2012 Reply to Colosio with a list of attached documents consisting of Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury Complaint

107.   On August 22, 2013, GHW produced to Bradford 2 Bates labelled CD's containing among other things Bradford's 2012 Reply to Colosio without the Italian Affidavits of New Witnesses.

108.   On February 27, 2014, Chiari forwarded, by email, to Fumagalli, Bradford's 2012 Reply to Colosio with a list of attached documents consisting of Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury Complaint

109.   On April 28, 2015, Bradford obtained Chiari and Barizza's sworn affidavits, authenticated by the American Consulate in Milan, Italy, demonstrating that Chiari forwarded to Fumagalli, on February 27, 2014, the email containing Bradford's 2012 Reply to Colosio with a

25

list of attached documents consisting of Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury Complaint.

110.    On May 27, 2014, by email, GHW forwarded to Bradford ("for her review") for the first time, Fumagalli's March 30, 2014 Legal Report.

111.    The Court's December 4, 2013 Pre-Trial Notice granted Bradford the right:

(a.) To initiate the Pretrial Conference

(b.) To confer in person (face to face) or by telephone with opposing counsel at her earliest convenience for the purpose of arriving at all possible stipulations and for the exchange of copies of documents that will be offered in evidence at the trial. It was Bradford's duty to initiate this conference, and the duty of the other counsel to respond.

(c.) To communicate immediately with the Court if, after reasonable effort, any party cannot obtain the cooperation of other counsel.

112.    Bradford, on the other hand, did not have the possibility of comparing the documents that were to be offered in evidence at the trial with opposing counsel because on July 17, 2014, at the In Court Status Conference, DeLaune declared that she did not want to communicate with Bradford. The Court, as an exception, in contrast to the Pre Trial Notice, accepted DeLaune's request not to confer in person with Bradford.

113.    On July 1, 2014, Bradford contested (to the Court and to GHW) Fumagalli's Legal Report for the concealment of evidence.

114.    In Bradford's July 1, 2014 "review" of Fumagalli's Expert Report where she contests his concealment of evidence, she declared: "...In Fumagalli's Expert Report, he cites some of the contents of the Criminal Complaint that Bradford filed in 2007 with...Professor/Attorney Carlo Taormina ("Taormina")...thus confirming that he read the entire Complaint.  Therefore, he

26

intentionally does not mention the existence of witnesses and their affidavits already collected by Taormina, which irrefutably proves the validity of Bradford's 50 thousand euro monthly agreement between Bradford & Colosio and the evidence of a sentimental relationship between Bradford and Colosio, specifically requested by Judge Magnoli…"

115. On July 3, 2014, GHW filed Fumagalli's 12 page Legal Opinion and his 3 page Declaration attached and in support of their MSJ.

116. From 2012 until today, GHW has never produced in the Civil Action No. 13-2407 at the USDC/EDLA or to Bradford, the Italian Affidavits of New Witnesses attachments #13, #14, #15, #16, #17, #18, #19, and #20, attached to Bradford's 2012 Reply to Colosio, filed by Williams, partner of GHW and Chiari, on July 28/30, 2012 at the Court of Brescia, Italy

117. In GHW August 22, 2013 production of Bates labeled documents, they admit the existence and contents of Bradford's 2012 Reply to Colosio.  In Bradford's 2012 Reply to Colosio, Chiari & GHW declared: "…The attorneys of the complainant insist in their conclusions and are opposed to the trial reconstruction of the respondent Colosio through the witnesses mentioned in the closing statement…".

118. Williams and Chiari's declaration signifies that Williams and Chiari, not Bradford, declare that Colosio and the 12 witnesses have falsified and manipulated the reconstruction of facts, to their advantage and to the detriment of Bradford, in the civil case contrary to the evidence produced in court and with the testimony of the new witnesses that are enclosed.

119. On September 8, 2013 Chiari declares to Willams, by email, that he collected Bradford's complete original Italian Civil Case file from the Court of Brescia, Italy.

120. On April 28, 2015, Bradford obtained Chiari and Barizza's sworn affidavits, authenticated by the American Consulate in Milan, Italy, demonstrating that on September 8,

2013 Chiari declares to Willams, by email, that he collected Bradford's complete original Italian Civil Case file from the Court of Brescia, Italy

121.   On April 30, 2015, Barbetti, in her sworn affidavit authenticated by the American Consulate in Florence, Italy, declared:

(a.)   …"Fumagalli fails to mention that Williams with Chiari, in their July 28/30, 2012 Reply to Colosio's July 9, 2012 Statement of Defense, which he doesn't discuss in his Legal Report nor in his Affidavit, proclaimed that they would defend Bradford up until the international level for the violation of the right to a fair trial as stated in the 6th principle of the ECHR Convention: "In the determination of his civil rights and obligations everyone is entitled to a fair and public hearing within a reasonable time by an independent and impartial tribunal established by law"…

(b.)   …The European Court has stressed the importance of appearance in the administration of justice: it is important to make sure the fairness of the proceeding is apparent. The principle of "equality of arms" is also inherent in the broader concept of a fair trial. Article6 §1 does not explicitly guarantee the right to have witnesses called, and the admissibility of witness evidence is in principle a matter of domestic law. However, "the proceedings in their entirety, including the way in which evidence was permitted, must be "fair" within the meaning of Article6 §1 (In Dombo Beheer B.V. v. the Netherlands, only one of the two key witnesses was permitted to be heard §§31-34- 35)…

(c.)   …As Fumagalli stated in his Legal Report (§38), Chiari requested the Court to substitute the witness Roberto Colaninno, charged by Bradford for perjury, with Sala. The Court dismissed Chiari's application (§38 of Fumagalli's Legal Report). In my opinion, this decision of the Court violates the principle of "fair trial" as interpreted by the case law of the ECHR.

Fumagalli is a Professor of private and procedural international law. Therefore, I cannot explain why he didn't mention Williams declaration in Bradford's Reply to Colosio's Statement of Defense, that was filed by Chiari, his co-counsel, on July 28/30, 2012 at the Court of Brescia, Italy "that he shall defend Bradford's right to a fair trial even at the international level"...

(d.) ...I must confess that I am not a Professor of International Law, but I am familiar to proceedings before the European Court of Human Rights. At the first level of the Civil Case, Bradford's right to Due Process has been violated by the rules of procedure as applied by Magnoli when he did not admit the evidence contained in the Bradford/Taormina 2007 Criminal Complaint against the 12 witnesses who testified in the Civil Case, when he did not give Williams & Chiari the possibility to question Sala and when he did not give Williams & Chiari the possibility to hear witnesses other than those that Bradford pressed charges against for perjury...

(e.) ...One of the main rules for the admissibility of an application to the ECHR is the art. 35 para 1 Local Remedies Rule that states that the party has previously tried all the possible internal remedies before going to the ECHR. Therefore, the Appeal of Magnoli September 13, 2012 Judgment, was essential..."

## CHIEF COMPLAINT #1

### GHW Violation of the Discovery Phase by failing to produce the Italian Affidavits of New Witnesses (in the Civil Action No. 13-2407 at the USDC/EDLA:

122. In GHW June 2, 2015 Opposition to Bradford's Motion for Relief from Final Judgment they declared: "...In essence, Bradford claims that GHW and DKS concealed documents (emails and pleadings) from the underlying litigation that Bradford requested during the discovery process. As undersigned counsel has repeatedly explained to Bradford and this Court, GHW

produced all requested documents in their possession, custody and control. Simply because a pleading was filed in the Colosio litigation during GHW's involvement does not mean that such a document was in GHW's possession at the time Bradford filed her lawsuit...".

123.    On July 3, 2013, pursuant to the Federal Rules of Civil Procedure 26, Bradford requested, from GHW; the complete set of documents pertaining to her that were sent from Italy to GHW.

124.    There is no documentary evidence that GHW produced the Italian  Affidavits of New Witnesses in the Civil Action No 13-2407 at the USDC/EDLA and to Bradford.

125.    On April 28, 2015, Bradford obtained Chiari and Barizza's sworn affidavits, authenticated by the American Consulate in Milan, Italy, demonstrating that Chiari forwarded to Fumagalli, on February 27, 2014, the email containing Bradford's 2012 Reply to Colosio with a list of attached documents consisting of Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury Complaint.

## CHIEF COMPLAINT #2

GHW Concealment of  Bradford's 2012 Reply to Colosio with the Italian Affidavits of New

Witnesses (in the Civil Action No. 13-2407 at the  USDC/EDLA):

126.    On May 15, 2015, Bradford contested Fumagalli's Legal Opinion as conveyed in her Motion for Relief from Final Judgment for the concealment of evidence in reference to the Italian Affidavits of New Witnesses.

## CHIEF COMPLAINT #3

GHW Sabotage of the Pre-Trial Phase and Violation of  the December 4, 2013 Pre-Trial Notice

regarding Bradford's 2012  Reply to Colosio with a list of attached documents consisting of

Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury Complaint (in the Civil

Action No. 13-2407 at the  USDC/EDLA):

127.   In GHW June 2, 2015 Opposition to Bradford's Relief from Final Judgment they declared: "...Bradford bases her Motion on three sections of Rule 60(b): 2 (newly discovered evidence), 3 (fraud) and 6 (any other reason that justifies relief). Bradford claims her Motion is warranted "on the basis of newly discovered evidence, fraud, concealed evidence, misrepresentation & and misconduct" by GHW and its counsel..."

128.   On June 27, 2014, by email, DK, attorneys representing in the name and on behalf of GHW, forwarded to Bradford, "for her review", for the first time, Fumagalli's 12 page March 30, 2014 Legal Opinion.

129.   But on the exact same day that they declared that Bradford had the right to review Fumagalli's 12 page March 30, 2014 Legal Opinion, Fumagall's June 27, 2014 4 page Sworn Affidavit is produced.

130.   On July 1, 2014, Bradford contested (to the Court and to GHW) Fumagalli's Legal Report for the concealment of evidence.

131.   On May 15, 2015, Bradford contested Fumagalli's Legal Opinion as conveyed in her Motion for Relief from Final Judgment for the concealment of evidence in reference to the Italian Affidavits of New Witnesses.

## CHIEF COMPLAINT #4

GHW Defamatory Allegations against Bradford regarding Bradford's 2012 Reply to Colosio with a list of attached documents consisting of Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury Complaint (in the Civil Action No. 13-2407 at the USDC/EDLA):

132.   On June 2, 2015 in GHW's Opposition to Bradford's Motion for Relief, they intentionally declared that: "...In sum, Bradford has submitted absolutely no evidence to support her defamatory allegations, much less with clear and convincing evidence...Bradford bases her

Motion on three sections of Rule 60(b): 2 (newly discovered evidence), 3 (fraud) and 6 (any other reason that justifies relief). Bradford claims her Motion is warranted "on the basis of newly discovered evidence, fraud, concealed evidence, misrepresentation & and misconduct" by GHW and its counsel. Bradford has previously made the same type of unsupported and unwarranted defamatory statements against GHW and its counsel. Last summer, this Court warned Bradford about making any further defamatory statements of this nature. GHW intends to seek sanctions in a separate Rule 11 Motion due to Bradford's continued attempts to defame GHW and its counsel…"

133.    In GHW January 14, 2014 Opposition to Bradford's Motion to Compel for Production of Documents, they declared "…The GHW Defendants concede that a discussion with Bradford, as required by Rule 37(a)(1), may have been a useless gesture, as undersigned counsel has repeatedly stated in two status conferences with Judge Milazzo that the GHW Defendants have produced all documents in their possession and control regarding the underlying litigation to Bradford. Nonetheless, Bradford is still UNDER THE DELUSION that the GHW Defendants are somehow hiding documents…"

## CHIEF COMPLAINT #5

GHW Perjury regarding  Bradford's 2012  Reply to Colosio with a list of attached documents

consisting of Italian Affidavits of New Witnesses and the Bradford vs. Colosio Perjury

Complaint (in the Civil Action No. 13-2407 at the  USDC/EDLA):

134.    On March 3, 2016, by Certified Email, Chiari requested DeLaune to withdraw Fumagalli's Sworn Affidavit from the USDC/EDLA.

135.    In Chiari's March 3, 2016 Certified email, he declared:

(a.) "...Fumagalli produced his March 30, 2014 Legal Opinion and his June 27, 2014 Sworn Affidavit as an attorney registered to the Milan Bar Association and as a Professor of Private International Law. It was his professional duty, as my colleague, to cite my production and analysis of documents (as well as their content and their significance) exactly as I did for him on behalf of DK. In addition, Fumagalli should have cited my legal representation and that of Williams (on behalf of Bradford) exactly as the documents filed in the Court of Brescia, Italy. In order to convey to the United States District Court/Eastern District of Louisiana...

(b.) ...a correct vision and adhering to the documentary evidence of what I declared and forwarded to your Attorney Luigi Fumagalli, I request that the integration and the corrections that I requested of the above, is immediately corrected by ALL correspondence (in the original version and with a certified English translation) exchanged between myself and Fumagalli from February 2, 2014 to March  6, 2014.  Neither can I accept that my professionalism and integrity are questioned by partial and inaccurate Declarations about my professionalism and me. You have to realize that what I am requesting of you to clarify with this letter was also SWORN by me, on April 28, 2014, before the United States Consulate, in Milan, Italy...

(c.) ...My Apri 28, 2015 Sworn Affidavit was produced by Bradford in her May 15, 2015 Rule 60(b) motion...The following modifications are ESSENTIAL: The respect of Due Process requested by Williams and Chiari, on May 10, 2012, in the Bradford vs. Colosio Civil Case No. 11672/03 at the Court of Brescia, Italy. The filing of Bradford's July 28/30, 2012 Reply to Colosio's July 9, 2012 Statement of Defense, in the USDC/LAED...in the Bradford vs. GHW Case. On July 28/30, 2012, James M. Williams and his Italian Domiciliary, Attorney Marco Chiari, filed Bradford's 2012 Reply in order to protect her constitutional rights both in Italy and at the international level...

(d.) …The filing of Colosio's July 6, 2012 Perjury Complaint, in the USDC/LAED…in the Bradford vs. GHW Case. On July 6, 2012, Williams andChiari, on behalf of Bradford (in the Bradford vs Colosio Italian Civil Case), filed this Perjury Complaint and confirmed this Complaint, on September 22, 2012, after and in spite of Magnoli's September 13, 2012, ruling against Bradford for vexatious litigation. I look forward to your immediate feedback, given the absolute seriousness of the situation…"

136.    In GHW's June 2, 2015 Opposition to Bradford's Motion for Relief from Final Judgment, they reconfirmed Fumagalli's March 30, 2014 Legal Report and his June 30, 2014 Affidavit therefore confirming his declaration: "I reviewed the submissions filed by the parties in the Brescia Proceedings, which were kindly supplied to me by Mr Marco Chiari (Chiari), an attorney from Bergamo who also assisted Bradford.  As per your request, I provide you with: A. a summary description of the Italian civil proceedings; B. a description of the Brescia Proceedings, as resulting from the documents I reviewed; C. a summary of the parallel criminal litigation;...E. a description of the role of Williams in the Brescia Proceedings;..."

137.    In GHW Opposition to Bradford's Motion for Relief from Final Judgment, they declared: "…At the May 10, 2012 hearng, the Court of Brescia set deadlines for the filing of final submissions by the parties'. On July 6, 2012, Bradford filed her Statement of Conclusion, while Colosio filed his statement of Defense for Defendant Franco Colosio on July 9, 2012. Thereafter, on July 29, 2012, Colosio filed a Reply Statement of Defense for Defendant Franco Colosio, addressing the alleged fact and law contained in Bradford's Statement of Conclusion…"

138.    This declaration was used, in writing, in a judicial proceeding, in the Civil Action No. 13-2407 at the USDC/EDLA)

139.   On August 22, 2013, GHW produced, to Bradford, in the Civil Action No. 13-2407 at the USDC/EDLA), her 2012 Reply to Colosio, in their production of Bates labeled documents.

140.   On February 27, 2014, Chiari forwarded, by certified email, to Fumagalli, Bradford's 2012 Reply to Colosio.

141.   On February 28, 2014, Fumagalli confirmed, to Chiari, to have received Bradford's 2012 Reply to Colosio and to have noticed that Professor/Attorney Carlo Taormina's ("Taormina") 2007 Criminal Complaint is one of the attached documents.

142.   On April 28, 2015, Bradford obtained from Chiari and Barizza's sworn affidavits, authenticated by the American Consulate in Milan, Italy, demonstrating that Chiari, on February 27, 2014 forwarded, by certified email, to Fumagalli, Bradford's Reply to Colosio and that on February 28, 2014,  Fumagalli confirmed, to Chiari, to have received Bradford's 2012 Reply to Colosio and to have noticed that Professor/Attorney Carlo Taormina's ("Taormina") 2007 Criminal Complaint is one of the attached documents.

143.   GHW concealment of Bradford's Reply to Colosio is a manipulation of the implementation of the Italian Civil Case as demonstrated in the original Italian Civil Case file and as confirmed in Barbetti's April 30, 2015 sworn affidavit, authenticated by the American Consulate in Florence, Italy

144.   On July 28/30, 2012, Williams and Chiari, on behalf of Bradford, contested Colosio's July 9, 2012 Statement of Defense.

145.   If GHW conceals Bradford's July 28/30, 2012 Reply to Colosio's July 9, 2012 Statement of Defense, it shows that Bradford has accepted the contents of Colosio's July 9, 2012 Statement of Defense without filing an Oppositon.

**COUNT 3**

**The May 12, 2014 Engish translation of the Procura alle Liti ("English translated POA"):**

146.    Chief Complaint # 1: GHW Manipulation of Evidence regarding the May 12, 2014 English translated POA (in the Civil Action No. 13-2407 at the USDC/EDLA):

147.    Chief Complaint # 2: GHW Violation of the December 4, 2013 Pre-Trial Notice regarding the POA (in the Civil Action No. 13-2407 at the USDC/EDLA):

148.    Chief Complaint # 3:  GHW Fraud and Violation of Rule 901 regarding the POA (in the Civil Action No. 13-2407 at the USDC/EDLA):

149.    On June 2, 2015, in GHW Opposition to Bradford's May 15, 2015  Motion from Final Relief, they confirmed that documents must be translated in English otherwise they are not relevant or admissible.

150.    On May 12, 2014, GHW forwarded to Bradford, in their Request for Admission, a manipulated version of the original Italian POA translated in English.

151.    On May 23, 2014Bradford contested the translation as it manipulates the content and the completeness of the document and therefore the originality of the POA.

152.    On July 3, 2014, GHW produced and attached, to the MSJ, the original Italian version of the POA and the translated English manipulated version.

## CHIEF COMPLAINT #1

GHW Manipulation of Evidence regarding the May 12, 2014 English translated POA (in the

Civil Action No. 13-2407 at the USDC/EDLA):

153.    On June 2, 2015 in GHW's Opposition to Bradford's Motion for Relief, they declared: "…Bradford also asserts in various sections of her Motion that GHW and its counsel "sabotaged the discovery phase" of this litigation by attaching English translated documents not adhering to the contents of the original Italian Documents. Again, this matter has been addressed by

undersigned counsel numerous times. As explained to both Bradford and this Court, the translation service which translated the Request to Reopen from Italian to English failed to include James Williams' name at the bottom of the translated document. When this error was brought to GHW's attention, GHW noted the error and stated that GHW would stipulate that Mr. Williams' name was included on the original document. Bradford continues to attempt to make an issue of this error when: (1) there was no intent to deceive; (2) it was simply a translation error and (3) the proposed GHW stipulation would have rectified the matter.  In sum, Bradford has submitted absolutely no evidence to support her defamatory allegations, much less with clear and convincing evidence…"

154.   On June 10, 2015 and on May 15, 2015 Bradford contested the English translation of the May 4, 2012 Italian Procura Alle Liti ("POA") because it did not match the original Italian version of the contract signed by Bradford, Williams and Chiari.

## CHIEF COMPLAINT #2

GHW Violation of the  December 4, 2013 Pre-Trial Notice regarding the May 12, 2014 English

translated POA  (in the Civil Action No. 13-2407 at the  USDC/EDLA)

155.   On June 10, 2015 and on May 15, 2015, Bradford contested the English translation of the May 4, 2012 Italian Procura Alle Liti ("POA") because it did not match the original Italian version of the contract signed by Bradford, Williams and Chiari.

156.   GHW produced their manipulated version of the  POA translated in English, in spite of Bradford's July 1, 2014 contestation, in their July 3, 2014 MSJ.

157.   GHW produced Bradford's contested English translated POA in their July 3, 2014 MSJ, and the USDC/EDLA accepted GHW MSJ while being aware of Bradford's July 1, 2014 Waiver/Contestation that the English translation was manipulated and incomplete.

### CHIEF COMPLAINT #3

GHW Fraud and Violation of Rule 901 regarding the May 12, 2014 English translated POA (in

the Civil Action No. 13-2407 at the USDC/EDLA):

158.   On June 2, 2015, in GHW Opposition to Bradford's Motion for Relief from Final

Judgment, they declared: "...exhibits submitted by Bradford on the grounds that these documents

are not "newly discovered," are not relevant, are not properly authenticated and are not

admissible because they are written in Italian...Assuming Chiari's assertion that he is "in

possession" of the documents satisfies the authentication requirements of Rule 901, he has

referenced email communications with Luigi Fumagalli that are written in Italian. Thus, even if

authenticated, those emails are not admissible."

159.   On July 3, 2014, GHW produced and attached to their MSJ, the English translated POA

in the manipulated version in addition to the original Italian version.

160.   In GHW's June 2, 2015 Opposition to Bradford's May 15, 2015 Motion for Relief from

Final Judgment, they declared: "Bradford also asserts in various sections of her Motion that

GHW and its counsel "sabotaged the discovery phase" of this litigation by attaching English

translated documents not adhering to the contents of the original Italian Documents...In sum,

Bradford has submitted absolutely no evidence to support her defamatory allegations, much less

with clear and convincing evidence."

161.   In GHW Opposition to Bradford's May 15, 2015 Motion for Relief, they cited the MSJ.

There is no evidence that GHW corrected the manipulated version of the POA translated in

English.

162.   Fumagalli's Expert Report and the MSJ are based on the the Bradford vs. Colosio Italian

Civil Case and the role of Williams regulated by the POA. In the MSJ, the Italian version of the

POA results integral and original and does not satisfy the authentication requirements of Rule 901. The only original and complete POA is in Italian and therefore not relevant and not admissible.

163.   On July 1, 2014, Bradford contested GHW manipulated English translation of the POA. GHW produced this manipulated English translation, in the Pre-Trial Phase and in their June 2, 2015 Opposition to Bradford's May 15, 2015 Motion for Relief from Final Judgment, in spite of Bradford's contestation.

164.   GHW reconfirmed the manipulated English translation of the POA in their June 2, 2015 Oppositon to Bradford's May 15, 2015 Motion for Relief from Final Judgment. The MSJ is based on the manipulated English translation of the POA and the original Italian version. Since the original Italian version which GHW produced in their MSJ is not translated for the USDC/EDLA, the content of this original verson is unknown, irrelevant and inadmissible.

165.   In GHW June 2, 2015 Opposition to Bradford's Motion for Relief, they contested Bradford's Italian evidence and simultaneously validated their July 3, 2014 MSJ on Italian evidence with a manipulated English translation already contested by Bradford, on July 1, 2014, in the Pre-Trial Phase.

## COUNT 4

### James M. Williams, partner of GHW, August 1, 2013 email to Attorney Marco Chiari

166.   Chief Complaint #1: GHW Perjury and Defamation against Bradford (in the Civil Action No. 13-2407 at the USDC/EDLA)

167.   On August 1, 2013 (18:04), Williams forwarded to Chiari, his former co-counsel, and concealed from Bradford, an email where he proclaims:

*"Dear Marco: As you know, our engagement with Ms. Bradford was limited to assisting her with the "closing argument" that was supposed to occur when I appeared in court for the end of her trial in Italy. It is my understanding that there have been developments in the case since my appearance. I am in America, I don't speak Italian, and therefore made it clear to Ms. Bradford that I was very limited in what I could do for her. She understood this and told me that my role was really to be an American presence that she hoped would keep the Italian courts honest -- because she perceived them to be corrupt. It has been brought to my attention that I never withdrew the power of attorney that I executed which allowed me to appear in court for her. I need to withdraw my power of attorney at this time in light of the fact that I am no longer working on her case. Can you please explain how we accomplish this?"*

168. On April 28, 2015, Bradford obtained Chiari and Barizza's sworn affidavits, authenticated by the American Consulate in Milan, Italy, demonstrating that Chiari received Williams August 1, 2013 email.

169. In GHW July 3, 2014 MSJ, in their June 2, 2015 Opposition to Bradford's Motion for Relief from Final Judgment and by means of  DeLaune, on March 3, 2016, to Chiari, they confirmed Fumagalli's Legal Opinion and his Sworn Affidavit.

170. On August 1, 2013, Williams declared to Chiari that he was not able to represent Bradford in Italy and that his role in the Italian Civil Case was to be present at the May 10, 2012 hearing to protect Bradford from corrupt Italian Courts.

171. On June 30, 2014, Fumagalli produces a Sworn Affidavit declaring that Williams and GHW have done everything possible regarding the Italian Civil Case and that they have represented Bradford well.

172.   On August 1, 2013, Williams' definition of his role, to Chiari, in the Italian Civil Case, do not correspond neither to the legal documents filed by him and Chiari in Italy nor to Fumagalli's definition of Williams role and confirmed by Williams and GHW from July 3, 2014 to March 3, 2016.

## COUNT 5

### GHW Perjury and Defamation against Bradford regarding Alessandro Dell'Orto's April 28, 2015 Sworn Affidavit

173.   On April, 28, 2015, Alessandro Dell'Orto produced to Bradford, a sworn affidavit, regarding Bradford's media image, authenticated by the American Consulate in Milan, Italy.

174.   On June 2, 2015, in GHW Opposition to Bradford's Motion for Relief from Final Judgment, they declared that Dell'Orto "...provides speculation as to a media campaign that "could have re-launched the case of Bradford" and discusses Google searches for Bradford's name. This is pure speculation that is not admissible evidence..."

175.   On May 29, 2012, GHW forwarded to Bradford an email, declaring: "Subject: media attention- now is the time. There is a story to be told in the media to encourage the defense to lean toward wanting to settle now and james needs to get that story spread asap.  Now is the time for that media blitz to generate. Please have anyone who can spread your story in the media call james as soon as possible. James will best direct the story to your case benefit. Your efforts here will greatly aid your chance of a settlement offer. Please have these parties get in touch with james or get their contact information to james after speaking with them and learning they are willing to help".

176.   Dell'Orto did not produce inadmissible evidence as GHW falsely confirmed in their June 2, 2015 Opposition to Bradford's May 15, 2015 Motion for Relief from Final Judgment.

177.   Dell'Orto commented on the evidence contained in GHW May 29, 2012 email.

178.   There is no documentary evidence, from the May 29, 2012 email, that GHW "used the media to encourage the defense to lean toward wanting to settle now."

179.   There is no documentary evidence, from the May 29, 2012 email, that GHW "directed the story to Bradford's case benefit."

180.   There is no documentary evidence that GHW utilized the media to settle the Italian Civil Case.

181.   It turns out that GHW deprived Bradford of the possibility to negotiate with the counterparty in the Italian Civil Case.

182.   It turns out that GHW have denied evidence in the USDC/EDLA and reconstructed false facts.

183.   GHW have also defamed Dell'Orto declaring that his April 28, 2015 Sworn Affidavit, authenticated by the American Consulate in Milan, Italy, is pure speculation.

184.   Before Williams, partner of GHW entered in the scene for Bradford's legal proceedings, Bradford, in Italy, had received total attestation of credibility to the declarations she conveyed to the media and to the evidence presented in the criminal trial pursued by the financier and business partner of Franco Colosio, Emilio Gnutti, against Narissa Bradford for libel. Judge Michele Montingelli in the first level of the criminal trial pursued by the financier and business partner of Franco Colosio, Emilio Gnutti, against Narissa Bradford for libel, and Magistrates Pierangelo Guerriero, Daniela Anna Fontana and Silvana Petromer from the Court of Appeals (Milan) in the second level of the criminal trial to which Emilio Gnutti had appealed, ruled that all the statements made by Bradford in the interview given to the most important Italian

newspaper, Il Corriere della Sera, were true based on evidence of the facts and documents presented by Bradford.

185.   Bradford's allegations, contained in this April 20, 2016 Civil Complaint, of Fraud, Perjury, Defamation, Concealing Evidence and Violation and Sabatoge of the December 4, 2013 Pre-Trial Order, the January 22, 2014 Order  and the Discovery Phase, against GHW, arose out of Civil Action No. 13-2407 at the USDC/EDLA.

186.   On December 13, 2013, Bradford filed a Second Amended Complaint, at the USDC/EDLA, seeking damages against GHW for violations of the Louisiana Rules of Professional Conduct ("LRPC") arising to breach of contract and fiduciary duties, concealing of documents, non-fulfillment on behalf of the GHW Defendants, refusal to file an important opposition document and scrambling of documents.

187.   Bradford's December 13, 2013 Complaint does not contain the Claims of Fraud and Perjury, as declared by the USDC/EDLA on December 4, 2013: "As to the claims of fraudulent acts and perjury, however, the Court finds that these claims are futile, as Bradford has failed to state a claim for which relief may be granted".

188.   Bradford's Claims dismissed with Prejudice by the USDC/EDLA on September 8, 2014, confirmed by the Court's July 16, 2015 Order are: I. Failure to File Certain Documents, II. Failure to Inform Plaintiff of Settlement Opportunity, III. Failure to Appeal, IV. Failure to Communicate, V. Failure to Reinstate Media Image.

189.   Bradford has proven in this Complaint, by clear and convincing evidence, that GHW and Williams engaged in fraud or other misconduct that prevented Bradford from fully and fairly presenting her case in the Civil Action No. 13-2407 at the USDC/EDLA.

190.   In Barbetti's April 30, 2015 Sworn Affidavit, she declared: "…Fumagalli's Legal Report and Affidavit are clearly biased and full of omissions upon crucial issues, aimed to defend the validity of Magnoli's Judgment, which had a very high probability of being reformed. In my opinion, Fumagalli has misled Judge Milazzo, who, in her September 8, 2014 Judgment, dismissed Bradford's claims, in their entirety, with prejudice…"

191.   On February 22, 2016, Chiari, who filed and signed the civil and criminal legal documents in 2012, as GHW co-counsel for Bradford's Claims against Colosio, declared: "…I do not want to be associated indirectly to false Legal Opinions/Sworn Affidavits or any damages to/against Narissa Dawn Bradford. Neither can I accept that my professionalism and integrity are questioned by partial and inaccurate Declarations about my professionalism and me. You have to realize that what I am requesting of you to clarify with this letter was also SWORN by me, on April 28, 2014, before the United States Consulate, in Milan, Italy. My Apri 28, 2015 Sworn Affidavit was produced by Bradford in her May 15, 2015 Rule 60(b) motion…".

192.   GHW Sabotage of the Civil Action No. 13-2407 at the USDC/EDLA, as conveyed in this April 20, 2016 Complaint, deprived Bradford of the right to a fair trial by jury.

193.   On September 4, 2014, in the Civil Action No. 13-2407, the USDC/EDLA confirms: "The Court discusses with the parties the Defendants' Motion for Summary Judgment…and the issues at hand for trial. The trial set for September 22, 2014 will remain as scheduled pending the Court's decision of the Motion for Summary Judgment."

194.   On September 8, 2014, in the Civil Action No, 13-2407, the USDC/EDLA granted GHW Motion for Summary Judgment and dismissed Bradford's Claims with Prejudice.

195.   By reason of the USDC/EDLA granting GHW MSJ on September 8, 2014, Bradford had to prolong her activity, full-time, as a Pro Se Litigant to demonstrate GHW sabatoge of the Bradford vs. GHW Civil Action No. 13-2407.

196.   Bradford has proven in this April 20, 2016 Complaint that she would have won the case within the case in Italy and that GHW, with their numerous and serious violations, have caused Bradford to lose her case in the Civil Action No. 13-2407 at the USDC/EDLA valued at $30,000,000.00 U.S. dollars (Thirty million United States Dollars) plus the cost of Bradford's activity, as a Pro Se Litigant, from September 8, 2014 to July 16, 2015

197.   The cost of Bradford's activity, as a Pro Se Litigant, from September 8, 2014 to July 16, 2015 is $35,000.00 (Thirty-five thousand United States Dollars).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Narissa Dawn Bradford, Pro Se Litigant, requests that after due proceedings are had there be judgment in favor of her granting damages in the amount of $30,035,000.00 U.S. dollars. (Thirty million and Thirty-five thousand United States Dollars).

- Plaintiff Narissa Dawn Bradford, Pro Se Litigant, intends to quantify other serious damages (Compensatory, Punitive/exemplary, etc.) and losses occured due to GHW Fraud, Perjury, Defamation, Concealing Evidence and Violation and Sabatoge of the December 4, 2013 Pre-Trial Order, the January 22, 2014 Order and the Discovery Phase in the Civil Action no. 13-2407 at the USDC/EDLA.

- Plaintiff Narissa Dawn Bradford, a Pro Se Litigant, requests a Trial by Jury.

- Finally, Plaintiff Narissa Dawn Bradford, a Pro Se Litigant, seeks any further Relief which the Court may deem appropriate.

Respectfully submitted this 20th day of April, 2016.

04/20/2016

**Narissa Dawn Bradford, Plaintiff and Pro Se Litigant**

P.O. Box 423

Starkville, MS  39760

Tel:  662-684-9254

Email:  narissadawn@yahoo.com

Extremely Urgent

Visit **ups.com**® or call **1-800-PICK-UPS**® (1-800-742-5877)
to schedule a pickup or find a drop off location near you.

**Domestic Shipments**

- To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**

- The UPS Express Envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.

- To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less. UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

Note: Express Envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

UNITED STATES DISTRICT COURT EDLA
500 POYDRAS ST
RM B 275
NEW ORLEANS LA 70130

P:2BOX    S:BBLUE    1:319

SUT-RDL    3023

Apply shipping documents on this side.

Do not use this envelope for:

**UPS Ground**
**UPS Standard**
**UPS 3 Day Select**®
**UPS Worldwide Expedited**®

NARISSA D BRADFORD
(662) 684-0254
THE UPS STORE #3792
NOT A RETURN ADDRESS
804 HWY 12 J
STARKVILLE MS 39759-3682

2 LBS
SHP WT: 2 LBS
DATE: 20 APR 2016    1 OF 1

SHIP
TO:  UNITED STATES DISTRICT COURT EDLA
     CLERKS OFFICE
     RM B 275
     500 POYDRAS ST

     NEW ORLEANS  LA 70130-3319



LA 701 9-22

UPS GROUND
TRACKING #: 1Z 296 W7R 03 6374 3823

Serving you for more than 100 years
United Parcel Service.

010195101 4/14 PAC United Parcel Service

100% Recycled fiber
80% Post-Consumer