UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NARISSA BRADFORD**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO: 16-3692**

**GAUTHIER, HOUGHTALING,**
**& WILLIAMS, LLP ET AL.**                        **SECTION: "H"(1)**

### ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss (Doc. 14). For the following reasons, the Motion is GRANTED.

### BACKGROUND

From the outset, this matter has struck the Court with a considerable case of déjà vu. Plaintiff Narissa Bradford initially filed an action against Defendants James Williams and Gauthier, Houghtaling, & Williams, LLP ("GHW") in this Court on April 22, 2013 ("the First Litigation").[1] In that action, Plaintiff, proceeding *pro se*, alleged that the Defendants had negligently represented her in an ongoing legal proceeding in Italy. On September 8, 2014,

---

[1] *Bradford v. Gauthier, Houghtaling & Williams, et al.*, No. 13-cv-2407 (E.D. La. April 22, 2013).

1

this Court granted summary judgment in favor of Defendants, holding that Plaintiff had failed to establish a standard of care by which Defendants' conduct should have been judged.  Throughout the litigation, Plaintiff made unsubstantiated allegations regarding Defendants' misconduct during discovery.  In addition, she filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) based in part on the alleged fraud or misconduct of Defendants.  This Court denied the Motion, stating:

> Specifically, Plaintiff alleges that Defendants withheld documents from her during discovery.  This is not the first time that Plaintiff has made allegations against Defendants of this nature.  Indeed, many of her grievances in this Motion appear to be repetitive of those she has aired before.  This Court has already reprimanded Plaintiff for her insistence on making baseless allegations of ethical misconduct against Defendants and their counsel.  Plaintiff has provided no evidence that Defendants engaged in any fraudulent behavior.

Plaintiff appealed the denial of her Rule 60(b) Motion to the Fifth Circuit Court of Appeals.  The Fifth Circuit affirmed this Court's ruling, noting that Plaintiff had "repeatedly made conclusory allegations that [Defendants] withheld documents during discovery without providing significant evidentiary support."[2]

Plaintiff now brings an entirely new action ("the Second Litigation") in this Court in which she asserts the following causes of action against Defendants:

1. Fraud in the First Litigation
2. Perjury in the First Litigation
3. Defamation in the First Litigation
4. Concealing evidence in the First Litigation

---

[2] *Bradford v. The Law Firm of Gauthier, Houghtaling Williams, LLP et al.*, No. 15-30679, at *3 (5th Cir. 2016).

5. Violation and Sabotage of the pre-trial notice, the January 22, 2014 Order, and the discovery phase of the First Litigation

Defendants have filed the instant Motion to Dismiss, arguing that this action is foreclosed by the doctrine of res judicata.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The court need not, however, accept as true legal conclusions couched as factual allegations.[6] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[8] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[9]

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[4] *Id.*
[5] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Iqbal*, 556 U.S. at 678.
[7] *Id.*
[8] *Lormand*, 565 F.3d at 255–57.
[9] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

"When a federal court sitting in diversity is considering the collateral estoppel effect of a prior federal judgment, this Circuit applies federal common law."[10]  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[11]  In order for a claim to be barred by the doctrine of res judicata, the following requirements must be met: (1) the parties must be identical or in privity; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have been concluded by a final judgment on the merits; and (4) the same claim or cause of action must have been involved in both actions.[12]  Defendants argue that all of these requirements are satisfied here.  This Court will consider each in turn.

### 1. Identical Parties

In the First Litigation, Plaintiff brought claims against GHW, Williams, and Earl Perry.  In this litigation, she has named GHW and Williams.  Plaintiff alleges that the removal of Perry as a Defendant renders the identical parties requirement unfulfilled. It is well settled, however, that "[t]o satisfy this identity element, the parties need not be identical to the parties in the first action."[13]  What is important, however, is that the parties claiming res judicata were parties to both the first and second actions.  Here both GHW and Williams were defendants in Plaintiff's first action. Accordingly, this element is satisfied.

---

[10] *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009).
[11] *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 898 (5th Cir. 2016).
[12] *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013).
[13] *N.Y. Life Ins. Co. v. Deshotel*, 946 F. Supp. 454, 462 (E.D. La. 1996), aff'd, 142 F.3d 873 (5th Cir. 1998).

### 2. Court of Competent Jurisdiction

No party has argued that this Court lacked jurisdiction to render judgment in the First Litigation.

### 3. Final Judgment on the Merits

No party contends that the First Litigation did not result in a final judgment on the merits.

### 4. Same Claim or Cause of Action

In considering the final factor, the Fifth Circuit applies "a 'transactional test' . . . focusing on whether the cases are based on the same nucleus of operative facts.[14] "For res judicata purposes, the identical issues need not have been actually raised in the original action; rather, the test is whether the right, claim, or theory of recovery sought to be asserted arises out of all or any part of the transaction, or series of connected transactions out of which the first action arose."[15] "The rule is that res judicata bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication, . . . not merely those that were adjudicated."[16]

Defendants argue that Plaintiff's allegations of wrongdoing against Defendants are identical to those made throughout the First Litigation, in her Rule 60(b) Motion, and on appeal. They point out that both this Court and the Fifth Circuit have addressed Plaintiff's allegations of fraud against Defendants and have found them to be meritless.

A reading of Plaintiff's Complaint and opposition herein confirms Defendant's position. Both filings are rife with facts and arguments that were at issue in the First Litigation. In the First Litigation, Plaintiff sought

---

[14] *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 899 (5th Cir. 2016) (internal quotations omitted).
[15] *Deshotel*, 946 F. Supp. at 462.
[16] *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 40 F. Supp. 3d 817, 826 (S.D. Tex. 2014) (internal quotations omitted).

damages for legal malpractice and consistently alleged that Defendants were engaged in fraudulent behavior aimed at preventing her success in that action. In the Second Litigation, Plaintiff brings claims regarding the fraudulent behavior she alleges occurred during the First Litigation. Plaintiff's opposition even reminds this Court that she attempted to amend her Complaint in the First Litigation to add claims of fraud and perjury, but her request was denied because she failed to plead those claims with specificity. These actions clearly arise out of the same nucleus of operative facts if a properly plead claim of fraud or perjury might have been entertained in the First Litigation. This Court finds that the claims brought herein arise out of all or part of the transaction at issue in the First Litigation. Indeed, this Court has already rejected the argument Plaintiff seeks to assert herein. Accordingly, all of the elements required for the application of the doctrine of res judicata are met.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED, and this matter is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 10th day of January, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**